## MICHIGAN TRUST CO. *v.* CODY.

1. MORTGAGES—FORECLOSURE—CONFIRMATION OF SALE NOT MATTER OF ABSOLUTE RIGHT—DISCRETION OF COURT.

Confirmation of mortgage sales incident to foreclosures is not a matter of absolute right vested in party prosecuting foreclosure proceedings or in highest bidder at sale, but is largely within discretion of trial court.

2. SAME—ABUSE OF DISCRETION.

   Order of trial court refusing confirmation of mortgage sale and ordering resale should not be disturbed by appellate court in absence of clear showing of abuse of discretion.

3. SAME — FORECLOSURE BY ADVERTISEMENT — INTERVENTION BY EQUITY COURT.

   In cases of foreclosures by advertisement, which involve exercise of statutory rights, courts of equity are less disposed to intervene.

4. SAME—FORECLOSURE IN EQUITY.

   Mortgagee, by invoking aid of equity court in foreclosure of mortgage, submitted itself to exercise of equitable powers inherent in such courts to refuse confirmation of mortgage sale.

5. SAME—EQUITY.

   Parties involved in foreclosure of mortgage in equity may not justly complain of effort on part of trial court to ultimately accomplish what it deems equitable as between all parties litigant.

6. SAME—CONFIRMATION OF SALE—DISCRETION OF COURT—INADEQUATE PRICE.

   Equity court, in exercise of fair discretion upon proper showing being made, may decline confirmation of mortgage sale in equitable foreclosure proceedings if amount bid is so inadequate as to shock conscience of court.

7. SAME—CONTRACT RIGHTS.

   Order of equity court made in exercise of its discretionary powers is not in violation of contract rights of either mortgagors or mortgagees.

8. SAME—ABUSE OF DISCRETION.

   Order of equity court, denying confirmation of mortgage sale, *held,* not to constitute abuse of discretion.

9. SAME—LIMITATIONS ON RESALE.

   Provision in court's order for resale under mortgage foreclosure proceedings directing commissioner not to accept any bid less than amount then due under decree, and that such bid is to be made subject to taxes and assessments which may then be lien on said premises, *held,* improvidently made, since it places too severe limitation on subsequent resale.

10. SAME—EQUITY—RIGHTS OF PARTIES.
> While courts of equity may well be solicitous of rights and interests of mortgagors, administration of law by such courts should not be in total disregard of rights of mortgagees.

11. SAME—LIMITATIONS ON RESALE—RIGHT TO DEFICIENCY DECREE —MODIFICATION OF DECREE.
> Provision in court's order for resale under mortgage foreclosure proceedings directing commissioner not to accept any bid less than amount due under decree contravenes statute, which gives mortgagee right to decree for deficiency (3 Comp. Laws 1929, § 14366), and also, in effect, undertakes to modify, without application therefor, decree previously entered in case, which may not be done.

Appeal from Kent; Perkins (Willis B.), J. Submitted June 20, 1933. (Docket No. 109, Calendar No. 37,291). Decided August 29, 1933.

Bill by Michigan Trust Company against Lewis P. Cody and another to foreclose a trust mortgage. From order denying confirmation of sale on foreclosure, and ordering resale, plaintiff appeals. Modified, and remanded.

*Butterfield, Keeney & Amberg,* for plaintiff.

*Philip H. Travis* and *Travis, Merrick, Johnson & McCobb,* for defendants.

NORTH, J. Plaintiff is the trustee under a bond mortgage in the amount of $80,000 given by defendants in 1914 covering property owned by them in the city of Grand Rapids. Default occurred in payment of interest due March 1, 1932, of taxes for the years 1930 and 1931, and also of a special assessment against the property for 1931. Plaintiff instituted foreclosure proceedings and took decree for $93,471.50 due under the mortgage. The usual provisions for sale by commissioner and for deficiency

were embodied in the decree. The sale was regularly held, and plaintiff, the only bidder at the sale, bought the property for $50,000, thus leaving a deficiency of upwards of $40,000. At the time of the mortgage sale the property was subject to liens for unpaid taxes and assessments amounting to upwards of $36,000. This resulted in the purchaser at the mortgage sale undertaking to pay substantially $86,000 for the property. Subsequent to the mortgage sale plaintiff filed the usual order of confirmation to which the mortgagors urged exceptions. Upon hearing, the circuit judge refused confirmation and ordered resale by the commissioner. From the order of the circuit judge denying confirmation and directing resale, under the condition and limitation hereinafter noted, plaintiff has appealed. The question first presented is whether the trial court was in error in refusing to confirm the sale.

Confirmation of mortgage sales incident to foreclosures in equity is largely within the discretion of the trial court.

"The question in this case is whether the master's sale shall stand. It may be stated generally that there is a measure of discretion in a court of equity, both as to the manner and conditions of such a sale, as well as to ordering or refusing a resale." *Pewabic Mining Co.* v. *Mason,* 145 U. S. 349, 356 (12 Sup. Ct. 887).

Confirmation is not a matter of absolute right vested in the party prosecuting foreclosure proceedings or in the highest bidder at the sale.

"Until confirmed by the court the sale is incomplete. Confirmation is not a mere formality, but is a judicial act although it is uncontested. The acceptance of the bid confers no title upon the purchaser, and not even any absolute right to have the purchase completed. He is nothing more than a

preferred bidder, or proposer for the purchase, subject to the sanction of the court afterward." 3 Jones on Mortgages (8th Ed.), § 2103.

"The foreclosure of a mortgage is equitable in its nature though based on legal rights, and it is the province of the court of equity to see to it that a party invoking its aid shall have dealt fairly before relief is given. A court of equity has the right to so control the proceedings as to produce a just result and to protect the rights of all parties." 1 Wiltsie on Mortgage Foreclosure (4th Ed.), § 38.

In granting or refusing confirmation, the equity court should give consideration to all facts and circumstances pertinent to the individual case and be governed accordingly.

"And each case must stand upon its own peculiar facts." *Ballentyne* v. *Smith,* 205 U. S. 285 (27 Sup. Ct. 527).

A great variety of circumstances might exist, any one of which would equitably justify, if not compel, the court to refuse confirmation but instead order a resale. If in the exercise of its discretion the equity court deems it advisable to order a resale, its order to that effect should not be disturbed by the appellate court in the absence of a clear showing of abuse of the vested discretionary power. *Ballentyne* v. *Smith, supra.*

"It rests wholly in the discretion of the court whether the sale shall be confirmed or set aside, and this power will be exercised prudently and fairly in the interest of all concerned, according to the circumstances of each particular case. * * * If the sale has been regular in all respects, and there are no extrinsic circumstances or equities requiring the interference of the court, the motion to confirm should be allowed. The court, however, is not confined to the consideration of purely legal matters

respecting the regularity of the sale, but may consider equitable matters as well." 3 Jones on Mortgages (8th Ed.), § 2105.

Appellant asserts that "inadequacy of the price bid upon foreclosure sale, unaccompanied by fraud, mistake, or irregularity, is insufficient to invalidate the sale or to justify refusal of confirmation." To this effect several cases are cited, including *Cameron* v. *Adams,* 31 Mich. 426. This latter case involved a foreclosure by advertisement; and it may be noted that in cases of such foreclosures, which involve the exercise of statutory rights, courts of equity are less disposed to intervene. See *Wood* v. *Button,* 205 Mich. 692; *Moss* v. *Keary,* 231 Mich. 295. In the instant foreclosure, appellant invoked the aid of the court in equity, and in so doing submitted itself to the exercise of the equitable powers inherent in such courts. None of the parties involved may justly complain of an effort on the part of the trial court to ultimately accomplish what it deems equitable as between all parties litigant. In an effort to reach such a result the equity court in the exercise of a fair discretion upon proper showing being made may decline confirmation of a mortgage sale in an equitable foreclosure proceeding if the amount bid is inadequate to the extent that it shocks the conscience of the court. An order of the equity court made in the exercise of its discretionary powers is not in violation of the contract rights of either mortgagors or mortgagees.

We forego detailing testimony in the record tending to support the circuit judge's finding that the fair value of the mortgaged property is largely in excess of the amount bid at the foreclosure sale; and advert only to the fact that, at the time of foreclosure, its assessed valuation was $185,000. We are unable to say from this record that the trial judge

did not have before him upon the confirmation hearing a showing which justified the following finding made by him:

"The court finds as a matter of fact that the mortgaged property at the time of the sale in question was fairly worth a sum largely in excess of the amount bid for the same by the plaintiff, which was the only bid made at the sale in question; but that the absence of other bids was not due to the lack of value of the property but in part to the fact that owing to conditions resulting from the present acute depression, competitive bids at public sales, particularly on properties of this character and value, had practically ceased to exist; and that under these and the other conditions under which the sale was held, to allow the plaintiff to acquire the property on a bid far below the real value of the same, and which would result in a very large deficiency against the mortgagors, produces a result which shocks the conscience of the court and brings the case within the rule in equity requiring that the sale be not confirmed."

It may be noted that inadequacy of price is not the only matter here involved and not the only ground upon which the court based denial of confirmation. There is the further possibility and probability that upon a subsequent sale a more favorable bid may be received or that the loan may then be refinanced due to a change in general economic conditions; and further, in addition to the inadequacy of price received for their property the mortgagors will be subjected to a deficiency decree which is a matter under the circumstances of this case that may well concern the court in equity. In the instant case the order denying confirmation did not constitute an abuse of discretion, and is affirmed. The question above considered is exhaustively covered in a recent and well-reasoned opinion of the New Jersey court reported

in *Federal Title & Mortgage Guaranty Co.* v. *Lowenstein,* 113 N. J. Eq. 200 (166 Atl. 538).

In the order for resale the circuit judge included the following:

"Provided, however, that on such resale, the said commissioner is hereby directed not to accept any bid less than the amount then due the plaintiff under the said decree, such bid to be made subject to taxes and assessments which may then be a lien on the said premises."

This provision in the order was improvidently made. It places too severe a limitation upon the subsequent resale. The fact that there has been a great depreciation in the value of the mortgaged property is no more a reason for penalizing the mortgagees than the mortgagors. Especially in the instant case where a purchaser at the mortgage sale is not only in effect repaying the loan with accrued interest but is also assuming the obligation of paying thousands of dollars for taxes and assessments which presumably under the terms of the mortgage the mortgagors agreed to pay. While courts of equity may well be solicitous of the rights and interests of mortgagors, administration of the law by such courts should not be in total disregard of the rights of mortgagees. To hold otherwise would bring about a condition under which real estate loans could not be made with any degree of safety or security; and ultimately the result, because of inability to secure real estate loans, would be as harmful to those seeking such loans as to prospective mortgagees. Further, the quoted provision of the resale order contravenes the statute (3 Comp. Laws 1929, § 14366), which gives plaintiff a right to a decree for deficiency; and in effect it undertakes to modify without application therefor the decree previously entered in the case. A decree cannot be modified inci-

dent to an application for confirmation. *Farmers' Bank of Grass Lake* v. *Quick,* 71 Mich. 534 (15 Am. St. Rep. 280).

We need not here pass upon the right or power of an equity court in a foreclosure proceeding to fix a minimum or upset price for which the property can be sold. We only hold that the provision made in the order for resale was improper under the facts here involved. After resale the matter of confirmation can be passed upon in the light of the facts and circumstances then before the court.

The order for resale will be modified in accordance herewith, and the cause remanded to the circuit court for further proceedings therein. Costs to appellants.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.