MARKETPLACE OF ROCHESTER HILLS v COMERICA BANK

Docket No. 318894. Submitted March 10, 2015, at Detroit. Decided March 17, 2015, at 9:00 a.m. Leave to appeal sought.

Marketplace of Rochester Hills brought an action in Oakland Circuit Court against Comerica Bank seeking declaratory and injunctive relief for its claims of conversion and tortious interference. In 2007, Comerica loaned Marketplace about $25 million. The loan was secured with a mortgage on Marketplace's property. In addition to the mortgage, two guarantors executed agreements guaranteeing Marketplace's payment obligations. The mortgage included two provisions: (1) in the event of a default, Comerica could collect rents and profits from Marketplace's tenants, and (2) remedies under the mortgage could be pursued successively. In an earlier action by Comerica against Marketplace and the guarantors in August 2012, Comerica had asserted that Marketplace was in default and that the guarantors had breached the guaranty agreements. That action was dismissed with prejudice after the parties accepted a case evaluation. Marketplace brought the present action in June 2013 for tortious interference and conversion because Comerica was asking Marketplace's tenants to pay rents directly to Comerica. Marketplace contended that res judicata prevented Comerica from asserting its rights under the mortgage in the present case because Comerica did not, but should have, asserted in the first case any claims under the mortgage. Comerica moved for summary disposition under MCR 2.116(C)(8), claiming that while disposition of the first action released the guarantors from their obligations under the guaranty agreements, Marketplace had not been released from its obligations under the mortgage. Comerica further claimed that Marketplace had waived its res judicata argument because the mortgage specifically permitted Comerica to pursue successive remedies. In October 2013, the court, Wendy Lynn Potts, J., granted Comerica's motion for summary disposition, finding that (1) res judicata did not apply because Comerica did not bring a subsequent action against Marketplace, (2) Marketplace waived its res judicata argument by agreeing to successive remedies, and (3) Comerica's potential claims under the mortgage did not arise

from the same transaction as did Comerica's claims against the guarantors. Marketplace appealed.

The Court of Appeals *held*:

1. Marketplace's initiation of the second action was not premature. The ripeness doctrine requires that a party has sustained actual injury before that party can bring a claim. The deprivation of rents is an actual injury.

2. The joinder rules did not require Comerica to bring a claim for foreclosure in the first action because a claim for foreclosure and the claim that the guarantors breached the guaranty agreements did not both arise from the same transaction or occurrence. That is, any possible foreclosure action and the action involving the breach of the guaranty agreements did not both arise from the mortgage. The "same transaction or occurrence" requires that the same facts or evidence be necessary to maintain the two actions. The basis for both cases was the fact that Marketplace defaulted on the mortgage, but one fact shared between the two cases does not mean that the same facts or evidence are essential to maintain both actions. In the earlier case, to show a breach of the guaranty agreements, Comerica had to establish that (1) there was a valid contract, (2) the guarantors breached the contract, and (3) Comerica suffered damages. To establish a right to judicial foreclosure, Comerica would have to meet the statutory requirements for foreclosure and would have to show that judicial foreclosure was equitable. The maintenance of both actions would not require the use of identical facts or evidence.

3. Marketplace's claim that res judicata prevented Comerica from enforcing the mortgage was, on its face, a valid claim because res judicata can be raised by both plaintiffs and defendants. In this case, the trial court erred in holding that Marketplace was limited to using res judicata as a defense. However, the trial court properly concluded that res judicata did not prevent Comerica from enforcing the mortgage. The doctrine of res judicata bars a subsequent action between the same parties or their privies when (1) a prior action was decided on the merits, (2) the claim in the subsequent action arises from the same transaction as did the claim(s) in the first action, and (3) the matter at issue in the subsequent action was, or could have been, resolved in the first action. Res judicata would not prohibit Comerica from bringing an action for foreclosure because the facts or evidence necessary to resolve Comerica's breach of guaranty claim are not the same facts or evidence necessary to resolve any later claim by Comerica for foreclosure of the mortgage.

Affirmed.

*Brooks, Wilkins, Sharkey & Turco, PLLC* (by *Keefe A. Brooks* and *James M. McAskin*), for Marketplace of Rochester Hills.

*Bodman, PLC* (by *Thomas Van Dusen* and *Brian C. Summerfield*), for Comerica Bank.

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

O'CONNELL, J. Plaintiffs (collectively "Marketplace") appeal as of right the trial court's order granting Comerica Bank's motion for summary disposition under MCR 2.116(C)(8). At issue in the present case is whether Comerica's prior action (the "guaranty action"), principally against the guarantors of Marketplace's mortgage, prevents Comerica from exercising its remedies under the parties' mortgage. For the reasons stated in this opinion, we affirm the decision of the learned trial court.[1]

### I. FACTS AND PROCEDURAL HISTORY

In 2007, Comerica loaned Marketplace about $25 million. Comerica secured the loan with a mortgage on Marketplace's property, a regional shopping center in Rochester Hills. As additional security for the loan, Steven Grand and Gary Sakwa, individually and as trustees of the Stephen Grand Property Trust and the Gary Sakwa Living Trust respectively (collectively, the "guarantors"), executed guaranty agreements by

---

[1] In the present case, Marketplace confusingly contends that Comerica is estopped from asserting its rights under the parties' mortgage because Comerica should have, but did not, assert any claims involving the mortgage in the prior guaranty case. Marketplace's argument is essentially a reverse res judicata argument based on the absence of a claim rather than the previous disposition of a claim.

which they guaranteed Marketplace's payment obligations. As part of the mortgage, Marketplace agreed that Comerica could collect rents and profits from Marketplace's tenants in the event of a default. The parties' mortgage also provided a successive remedies clause:

> All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage, any other agreement or afforded by law, and may be exercised concurrently, independently or successively.

In August 2012, Comerica filed a complaint against Marketplace and the guarantors. In its complaint, Comerica asserted that the loan was in default and that the guarantors had breached the guaranty agreements. Comerica also sought appointment of a receiver. In February 2013, Marketplace filed a counterclaim in which Marketplace alleged various breaches of the loan documents, abuse of process, tortious interference, and conversion. The parties assert that the trial court dismissed the action with prejudice after the parties accepted a case evaluation.[2]

In June 2013, Marketplace filed the instant action, alleging claims of conversion and tortious interference, and seeking declaratory and injunctive relief to quiet title. Marketplace asserted that Comerica was improperly asking Marketplace's tenants to pay their rents directly to Comerica. According to Marketplace, Comerica could no longer assert rights under the mortgage because it should have, but did not, assert any claims involving the mortgage in the prior case.

---

[2] Neither the prior orders nor the case evaluation sheet is available in the lower court record.

Comerica promptly moved for summary disposition under MCR 2.116(C)(8). Comerica contended that the settlement in the prior action released the guarantors from their obligations under the guaranty agreements but did not release Marketplace from its obligations under the mortgage. Comerica also contended that Marketplace waived its res judicata argument because it agreed in the mortgage that Comerica could pursue its remedies successively.

In October 2013, the trial court granted Comerica's motion for summary disposition. It determined that res judicata did not apply because Comerica had not brought an action against Marketplace. The trial court further opined that Marketplace had waived any res judicata argument by agreeing in the mortgage that Comerica could pursue its rights successively. Finally, the trial court determined that Comerica's potential claims under the mortgage did not involve the same transaction as did Comerica's claims against the guarantors.

Marketplace now appeals. First, Marketplace contends that joinder rules required Comerica to join its possible foreclosure claim against Marketplace in the prior action. Second, it contends that res judicata bars Comerica from raising these claims in a successive suit. Under Marketplace's theory, Comerica has no claim against Marketplace under the mortgage, Comerica has no right to enforce the mortgage, and Comerica's present request that Marketplace's tenants pay rents to it is improper. Comerica responds that Marketplace's action is premature. Comerica also responds that the successive remedies clause allowed it to bring successive actions against Marketplace and the guarantors, regardless of the language of MCR 2.203(A) (governing compulsory joinder).

## II. STANDARDS OF REVIEW

This Court reviews de novo issues of res judicata. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 379; 596 NW2d 153 (1999). Standing is a question of law we review de novo, and ripeness is a constitutional issue we also review de novo. *Huntington Woods v Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008). In addition, we review de novo a trial court's ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

A party may move for summary disposition under MCR 2.116(C)(8) when "[t]he opposing party has failed to state a claim on which relief can be granted." However, when the trial court relies on facts outside the pleadings to decide the motion, we review the motion as though the trial court granted it under MCR 2.116(C)(10). *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."

## III. RIPENESS

As an initial matter, Comerica contends that Marketplace's action is premature. We disagree.

The doctrine of ripeness is a standing doctrine that "focuses on the *timing* of the action." *Mich Chiropractic Council v Comm'r of the Office of Fin and Ins Servs*, 475 Mich 363, 379; 716 NW2d 561 (2006) (opinion by YOUNG, J.), overruled in part on other grounds *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010). The ripeness doctrine requires that a party has

sustained an actual injury to bring a claim. *Huntington Woods*, 279 Mich App at 615. A party may not premise an action on a hypothetical controversy. *Id.*

Comerica contends that Marketplace's claims are merely hypothetical and based on a possible future foreclosure that has not yet occurred. However, Marketplace alleges that Comerica "sent another notice to the tenants of the Shopping Center directing them to make all payments to [the bank] . . . ." If Marketplace's assertions regarding the validity of the mortgage in light of the prior action are correct, Comerica has no right to ask Marketplace's tenants to make payments to it under the mortgage. The deprivation of rents is an actual injury. Accordingly, we conclude that Marketplace's claims are ripe for adjudication.

### IV. JOINDER

Marketplace contends that Comerica was required to state a claim for foreclosure in the prior action because any possible foreclosure action and the prior guaranty action both arose out of the mortgage. We disagree.

MCR 2.203 provides the rules for compulsory and permissive joinder of claims. It states, in part:

> (A) Compulsory Joinder. In a pleading that states a claim against an opposing party, the pleader must join every claim that the pleader has against that opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.
>
> (B) Permissive Joinder. A pleader may join as either independent or alternate claims as many claims, legal or equitable, as the pleader has against an opposing party.

Two claims arise out of the same transaction or occurrence if "the same facts or evidence are essential to the maintenance of the two actions." *Jones v State Farm Mut Auto Ins Co*, 202 Mich App 393, 401; 509 NW2d 829 (1994) (addressing res judicata). "A comparison of the grounds asserted for relief is not a proper test." *Id.*

As an initial matter, Comerica argues that it brought claims in the prior suit against the guarantors only and that Marketplace was not a party to the prior action. Comerica is incorrect. The complaint clearly lists the Marketplace parties as defendants in the prior action. As part of that action, Comerica alleged that Marketplace was in default and requested that Marketplace deliver possession and control of the property to a receiver. Accordingly, the prior complaint stated a claim against Marketplace. Further, Marketplace filed several counterclaims on the basis of the mortgage itself. Even if Comerica was entitled to successively proceed against the *guarantors*, Comerica did not actually do so in this case. Marketplace was an opposing party in the prior action.

Accordingly, we must determine whether MCR 2.203(A) required Comerica to join all of its possible claims against Marketplace in the guaranty action. We conclude that Comerica did not have to do so because the prior case, which was principally based on the guaranty agreements (as well as a default status necessitating protection through receivership), concerned a different transaction or occurrence than any potential foreclosure claim against Marketplace.

In both actions, Comerica's claims rested on the fact that Marketplace had defaulted on the mortgage. But this is only one fact—it does not mean that the same facts or evidence are essential to maintain both actions.

In order to establish a breach of guaranty, Comerica had to establish that (1) there was a valid contract, (2) the guarantors breached that contract, and (3) it suffered damages. See *Comerica Bank v Cohen*, 291 Mich App 40, 54; 805 NW2d 544 (2010) (stating that a guaranty is construed like any other contract); *Stoken v J E T Electronics & Technology, Inc*, 174 Mich App 457, 463; 436 NW2d 389 (1988) (stating the elements of a breach of contract). And in order to justify the appointment of a receiver, Comerica had to establish that a receiver was necessary to prevent fraud or to protect against the imminent danger of property loss. *Weathervane Window, Inc v White Lake Constr Co*, 192 Mich App 316, 322; 480 NW2d 337 (1991).

In contrast, to establish a right to judicial foreclosure, Comerica would have to establish that it met the statutory requirements for foreclosure, including that a debt was secured by the mortgage. See MCL 600.3105(3). Comerica would also have to establish that judicial foreclosure was equitable. See *Senters v Ottawa Savings Bank, FSB*, 443 Mich 45, 56; 503 NW2d 639 (1993); *Mich Trust Co v Cody*, 264 Mich 258, 263; 249 NW 844 (1933). Comerica did not need to establish these facts in the guaranty action. Thus, while some facts may have overlapped (such as whether Marketplace defaulted on the mortgage), the same facts or evidence were not essential to both actions.

We conclude that MCR 2.203(A) did not require Comerica to join any claims for foreclosure in the guaranty action. Accordingly, the trial court properly determined that MCR 2.203(A) did not require Comerica to state any foreclosure claims it may have had against Marketplace in the prior case.

### V. RES JUDICATA

Marketplace next contends that the trial court im-

properly concluded that res judicata could not apply. Comerica contended that Marketplace could only raise a res judicata argument as a defense in an action for foreclosure brought by Comerica. The trial court agreed, determining that res judicata is a defense that Marketplace could only assert in a successive action against it by Comerica. We conclude that the trial court erred when it determined that Marketplace was only entitled to bring res judicata as a defense, but we conclude that the trial court properly determined that res judicata would not bar Comerica from enforcing the mortgage against Marketplace.

A party may be entitled to judgment as a matter of law on the basis of a prior judgment. MCR 2.116(C)(7). The doctrine of res judicata "prevent[s] multiple suits litigating the same cause of action." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Res judicata bars a subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. Res judicata bars "every claim *arising from the same transaction* that the parties, exercising reasonable diligence, could have raised but did not." *Id*. (Emphasis added). Just as with compulsory joinder, claims arise from the same transaction for the purpose of res judicata if they concern identical evidence or essential facts. See *id*. at 123.

Parties typically use the doctrine of res judicata as a shield rather than as a sword. But no caselaw indicates that res judicata is limited to a defense for use only by a defendant to seek judgment as a matter of law. To the contrary, plaintiffs in other cases have claimed res judicata. See *Fox v Martin*, 287 Mich 147, 149; 283 NW 9 (1938). And MCR 2.116(C)(7), which provides that a

party may be entitled to judgment as a matter of law on the basis of a prior judgment, not only refers to "dismissal of the action," but also to "[e]ntry of judgment," as possible relief in the trial court. We conclude that nothing precludes a plaintiff from asserting res judicata as a ground for judgment if the plaintiff has asserted a ripe claim. Accordingly, the trial court erred when it determined that Marketplace could not assert res judicata because this case did not involve a second suit by Comerica against Marketplace.

Accordingly, we consider the trial court's alternative ground for granting summary disposition—that res judicata did not apply to bar Comerica from seeking remedies under the mortgage because the guaranty action did not involve the same transaction or occurrence as would an action under the mortgage. Marketplace premises its entire case on its assertion that the prior action bars Comerica from enforcing the mortgage in any future action. But as we have previously discussed, Marketplace is wrong. The guaranty action did not arise from the same transaction or occurrence as would Comerica's potential actions under the mortgage. Because Marketplace's entire suit was based on the faulty premise that any future action on Comerica's part would be barred by res judicata, we conclude that the trial court properly granted summary disposition in favor of Comerica.

We affirm. Comerica may tax costs as the prevailing party. MCR 7.219(A).

BOONSTRA, P.J., and SAWYER, J., concurred with O'CONNELL, J.