PEOPLE V NICHOLLS, No. 151038; Court of Appeals No. 318090. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, and we remand this case to the Wayne Circuit Court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction.

MARKETPLACE OF ROCHESTER HILLS PARCEL B, LLC v COMERICA BANK, No. 151715; reported below: 309 Mich App 579. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate those parts of the Court of Appeals judgment stating that the same transaction test for compulsory joinder and res judicata is "if the same facts or evidence are essential to the maintenance of the two actions" and whether the two claims "concern identical evidence or essential facts." The proper test is " 'whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit . . . .' " *Adair v Michigan*, 470 Mich 105, 125 (2004), quoting 46 Am Jur 2d, Judgments § 533, p 801. When the same transaction test is properly applied to this case, the result reached by the Court of Appeals is correct. In all other respects, leave to appeal is denied, because we are not persuaded that the question presented should be reviewed by this Court.

BERNSTEIN, J., did not participate due to a familial relationship with one of the named guarantors in this case.

PEOPLE V HARTMAN, No. 151959; Court of Appeals No. 320032. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we reverse that part of the Court of Appeals judgment that found the evidence insufficient to convict the defendant of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and we reinstate that conviction, for the reasons stated in the Court of Appeals dissenting opinion.

*Leave to Appeal Denied December 9, 2015:*

FRY V SAFE MANAGEMENT OF MICHIGAN, LLC, No. 150227; Court of Appeals No. 321239.