SPECIAL PROPERTY VI LLC v WOODRUFF

Docket No. 271195. Submitted December 5, 2006, at Detroit. Decided January 11, 2007, at 9:00 a.m.

Special Property VI LLC brought a quiet-title action in the Wayne Circuit Court against Edward Woodruff, New Century Mortgage Corporation, and Barbara T. Boykin. New Century traced its interest in the property through a complicated series of conveyances and assignments beginning with the original grantors, the Lancasters, and including Woodruff in the chain of title. The plaintiff, however, alleged that the Lancasters' deed to Woodruff was a forgery. The plaintiff claimed that its interest in the property arose from a conveyance by the Lancasters to Boykin that preceded their conveyance to Woodruff. The plaintiff and New Century both moved for summary disposition. New Century presented deposition testimony to the effect that the deed conveying the property from the Lancasters to Boykin was a forgery, while the plaintiff argued that it was a bona fide purchaser for value without notice. The court, Gershwin A. Drain, J., granted summary disposition for the plaintiff, relying on the fact that the plaintiff had recorded its interest in the property first and that a portion of the proceeds the plaintiff gave to Boykin was used to pay taxes owed on the property. New Century appealed.

The Court of Appeals *held*:

The trial court erred by denying New Century's motion for summary disposition and quieting title to the property in the plaintiff. The plaintiff in a quite-title action has the initial burden of establishing a prima facie case of title, and summary disposition in favor of the defendant is proper if the plaintiff fails to carry this burden. The plaintiff in this case offered no evidence to dispute New Century's evidence of a forged deed in the plaintiff's chain of title. While the plaintiff argued that it was a bona fide purchaser without notice, a party cannot be a bona fide holder under a forged deed. A party innocently acquiring interests under a forged deed is in no better position with regard to title than if the party had purchased with notice. The plaintiff's recording of its claimed interest did not make the prior invalid grant valid. Because the plaintiff failed to demonstrate an interest that is valid or otherwise

superior to New Century's, on remand the trial court must enter a judgment providing that New Century holds its interest in the property unencumbered by any right, claim, or interest of the plaintiff.

Reversed and remanded.

WHITE, J., concurring in part and dissenting in part, agreed that the trial court erred by granting summary disposition to the plaintiff, but would remand for further proceedings rather than for the entry of a judgment providing New Century with a title free and clear of claims by the plaintiff.

DEEDS — FORGED INSTRUMENTS — BONA FIDE PURCHASERS WITHOUT NOTICE.

A person cannot be a bona fide purchaser of property under or claiming through the holder of a forged deed; a person innocently acquiring an interest under a forged deed is in no better position with regard to title than if the person had purchased with notice.

*Bernardi, Ronayne & Glusac, P.C.* (by *Joseph J. Bernardi* and *Elise N. Reed*), for Special Property VI LLC.

*Lipson, Neilson, Cole, Seltzer & Garin, P.C.* (by *Thomas G. Costello* and *C. Thomas Ludden*), for New Century Mortgage Corporation.

Before: OWENS, P.J., and WHITE and HOEKSTRA, JJ.

HOEKSTRA, J. In this action to quiet title, defendant New Century Mortgage Corporation (New Century) appeals as of right the trial court's order denying its motion for summary disposition and granting summary disposition in favor of plaintiff. We reverse and remand.

I. BASIC FACTS AND PROCEDURAL HISTORY

Kevin and Robert Lancaster purchased the property at issue here in 1989 and sold the property to James Woods in 1994 under a land contract. After Woods died in 1997 without having completed the contract, the Lancasters agreed to allow Woods's daughter, Natasha

Harris, to complete the contract on behalf of her father. Harris, however, ultimately defaulted, and the Lancasters conveyed the property to defendant Edward Woodruff by a quitclaim deed dated April 2, 2002. Woodruff in turn, on April 18, 2003, mortgaged the property to Best Rate Funding Corporation, which assigned its interest in the property to New Century that same day.

The instant dispute concerning the validity of New Century's interest against that claimed by plaintiff arises from a warranty deed purporting to convey the property from the Lancasters to defendant Barbara Boykin on March 3, 2001. Plaintiff relied on this deed, which predates that granting title to the property to Woodruff, in accepting assignment of a land contract and a warranty deed from Boykin on May 13, 2002.

Again relying on the March 2001 deed from the Lancasters to Boykin, plaintiff filed the instant suit to quiet title to the property in November 2004.[1] In its complaint, plaintiff alleged that the April 2002 deed from the Lancasters to Woodruff was a forgery and thus invalid against the interest conveyed to plaintiff by Boykin in May 2002. During his deposition testimony, however, Mark Lancaster verified the signatures of both himself and his father, Robert, and expressly recalled having conveyed the property to Woodruff in April 2002. Mark also rejected the grantor signatures found on the March 3, 2001, warranty deed, stating that they were not those of himself and his father, and denied ever having conveyed the property to Boykin, whom he indicated he did not know. Boykin similarly indicated at her deposition that she did not know the Lancasters

---

[1] Plaintiff also sought relief against both Boykin and Woodruff for unjust enrichment and against Boykin alone for breach of the warranties of title made by her in the May 2002 deed. Those claims are not, however, at issue in this appeal.

and denied having accepted title to the property from them in exchange for the $22,000 recited as consideration for the property in the March 3, 2001, deed purporting to convey the property to her. Rather, Boykin testified, she received the deed from Woodruff, who she indicated had solicited her aid as a straw person in order to obtain financing for the property.

Following the close of discovery, both plaintiff and New Century moved for summary disposition under MCR 2.116(C)(10). Relying on the deposition testimony of Mark Lancaster and Barbara Boykin, New Century argued that there was no genuine issue of material fact regarding the forged nature of the March 2001 warranty deed purporting to convey the property from the Lancasters to Boykin. Thus, New Century argued, because plaintiff's interest in the property was dependent on the validity of this deed, New Century was entitled to summary disposition of plaintiff's action to quiet title.

In contrast, plaintiff asserted that the undisputed facts required that summary disposition be granted in its favor. Specifically, plaintiff asserted that it was not disputed that the April 2002 quitclaim deed from the Lancasters to Woodruff was not of record at the time plaintiff accepted an interest in the property from Boykin. Thus, plaintiff argued, there was no question that it was a bona fide purchaser for value without notice under MCL 565.29 and, therefore, held title to the property free from any claim by New Century. Noting that a portion of the proceeds given by it to Boykin was used to pay taxes owed on the property, and that the March 2001 warranty deed to Boykin was of record when Woodruff mortgaged the property to Best Rate Funding Corporation, plaintiff further argued that the equities favored the quieting of title in its name over

that of New Century. The trial court, relying on the fact that a "tax interest" had been paid with monies provided by plaintiff, and that plaintiff had been first to record its claimed interest in the property, agreed and ordered that title to the property be quieted in plaintiff.

## II. ANALYSIS

On appeal, New Century argues that the trial court erred by denying its motion for summary disposition and quieting title to the property in plaintiff. We agree.

This Court reviews de novo equitable actions to quiet title. *Burkhardt v Bailey*, 260 Mich App 636, 646; 680 NW2d 453 (2004). We also review de novo a trial court's determination regarding a motion for summary disposition. *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and is properly granted if the evidence submitted by the parties demonstrates that there is no genuine issue regarding any material fact. *Id.*; *Auto-Owners Ins Co v Allied Adjusters & Appraisers, Inc*, 238 Mich App 394, 397; 605 NW2d 685 (1999).

This Court has made clear that the plaintiff in a quiet-title action has the initial burden of establishing a prima facie case of title, *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999), and that summary disposition in favor of the defendant is properly entered if the plaintiff fails to carry this burden, *Ray v Bentley*, 39 Mich App 578, 579; 197 NW2d 827 (1972). Consequently, to avoid summary disposition of its claim to quiet title, it was incumbent on plaintiff to establish its title in the subject property by admissible evidence. On review de novo, we conclude

that plaintiff failed to meet this burden and that summary disposition in favor of New Century was, therefore, proper.

As noted earlier, New Century presented evidence to indicate that the chain of title through which plaintiff claims its interest in the property fraudulently arose through forgery of a deed purporting to convey the property to Boykin. In response, plaintiff offered nothing to dispute the forged nature of this deed, arguing instead that it was insulated from any fraud in its chain of title as a bona fide purchaser without notice. It is well settled, however, that "[t]here can be no such thing as a bona fide holder under a forged deed, whose good faith confers any rights against the party whose name has been forged, or those claiming under him." *VanderWall v Midkiff*, 166 Mich App 668, 685; 421 NW2d 263 (1988), citing *Horvath v Nat'l Mortgage Co*, 238 Mich 354, 360; 213 NW 202 (1927). To the contrary, "[w]here a deed is forged, those innocently acquiring interests under the forged deed are in no better position as to title than if they had purchased with notice." *VanderWall, supra* at 685. Thus, as a matter of law, plaintiff can claim no interest in the property through Boykin's conveyance to it.

That plaintiff recorded its claimed interest in the property before New Century does not change this result because "the recording of an instrument cannot, of itself, make an invalid grant valid." *von Meding v Strahl*, 319 Mich 598, 609; 30 NW2d 363 (1948). Moreover, while it is not disputed that a portion of the proceeds given by plaintiff as consideration for the conveyance from Boykin were used to pay taxes then owed on the property, plaintiff failed, both below and on appeal, to provide any substantive argument or authority to support that this fact somehow sustains its claim

of title to the property. Cf. *Horvath, supra* at 356-357, 361 (setting aside a warranty deed granted under a previously forged conveyance, despite the payment of taxes as consideration for that deed); see also *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) (If a party gives only cursory treatment to an issue, with little or no citation of supporting authority, this Court may deem the issue abandoned.). Consequently, we conclude that plaintiff has failed to meet its burden of establishing a prima facie claim of title, or any other interest, in the property sufficient to preclude summary disposition of its claim in favor of New Century. We therefore reverse the trial court's order quieting title to the property in plaintiff's name and remand this matter for the entry of an order granting summary disposition in favor of New Century. *Beulah Hoagland, supra* at 550; *Ray, supra* at 579. Because plaintiff has failed to demonstrate an interest in the property that is valid or otherwise superior to that claimed by New Century, we further direct the trial court on remand to enter a judgment providing that New Century holds its claimed interest in the property unencumbered by any right, claim, or interest of plaintiff.

Reversed and remanded for the entry of an order and judgment granting summary disposition in favor of defendant New Century and providing that New Century holds its claimed interest in the property unencumbered by any right, claim, or interest of plaintiff. We do not retain jurisdiction.

OWENS, P.J., concurred.

WHITE, J. (*concurring in part and dissenting in part*). I agree that the court erred in granting summary disposition to plaintiff. However, rather than remand

for the entry of a judgment providing that defendant holds the property free and clear of any claim of plaintiff, I would remand for further proceedings. Plaintiff included a claim for unjust enrichment, which, with respect to this defendant, would be relevant regarding the taxes paid to redeem the property. Further, there was evidence that Woodruff, through whom defendant claims its interest, was involved in the forgery and that Woodruff had negotiated an arrangement with Lancaster by which the property would be transferred for the payment of taxes, which were paid as part of the transaction that Woodruff arranged with Boykin and plaintiff. In short, I believe this case requires a trial and findings of fact before title can be quieted in defendant.