# STATE OF MICHIGAN

# COURT OF APPEALS

BETH JENKINS,

        Plaintiff-Appellant,

v

JP MORGAN CHASE BANK, NA,

        Defendant-Appellee.

UNPUBLISHED
January 22, 2015

No. 318498
Wayne Circuit Court
LC No. 13-005685-CH

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

Plaintiff appeals as of right a June 6, 2013, trial court order granting defendant JP Morgan Chase Bank, NA, (Chase) summary disposition pursuant to MCR 2.116(C)(8). For the reasons set forth in this opinion, we affirm.

In 2008, plaintiff purchased the subject property. Sometime thereafter, plaintiff failed to make loan payments to mortgagee and lender Chase. Chase foreclosed on the property and purchased the property at a sheriff's sale. Plaintiff did not redeem the property within the statutory redemption period, which expired on May 1, 2013.

Plaintiff filed this suit on May 1, 2013, seeking to quiet title. Plaintiff alleged that Chase violated MCL 600.3205c, a subsection of the former loan modification statute,[1] by failing to serve her with a "14/30" day letter and by failing to offer her a loan modification. Plaintiff alleged that the statutory violation amounted to an irregularity in the foreclosure process.

In conjunction with her complaint, plaintiff filed an ex-parte motion for a temporary restraining order (TRO) and to stay and toll the expiration of the redemption period. The court granted the TRO and stayed the redemption period on May 21, 2013.

Following a motion hearing, the trial court granted Chase's motion for summary disposition pursuant to MCR 2.116(C)(8), dissolved the TRO, and dismissed plaintiff's complaint with prejudice, explaining:

---

[1] MCL 600.3205a-d was repealed effective June 30, 2014. See MCL 600.3205e; 2014 PA 125.

-1-

Well, the bank in this case doesn't have any legal obligation to make a loan modification. If you can talk them into it, that's wonderful. But in this case the plaintiff defaulted on the mortgage. The redemption period ran. There was a sheriffs sale and the property was sold. The date this suit was filed, she didn't even have standing because she was not a property owner. So, the Court will grant defendant's motion.

On appeal, plaintiff contends that the trial court erred in granting Chase's motion for summary disposition. We review de novo a ruling on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Id*. at 119. In addressing the motion, a trial court may only consider the pleadings and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. Summary disposition is proper where the alleged claims are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

Plaintiff argues that the trial court erred in holding that she failed to allege a quiet title claim on which relief could be granted, erred in ruling that violation of MCL 600.3205c is not a viable claim, erred in ruling that she failed to establish actionable prejudice, and erred in dissolving the TRO and preliminary injunction. Essentially all of plaintiff's arguments turn on whether she alleged a legally cognizable claim to set aside the foreclosure and sheriff's sale. Because it is undisputed that Chase foreclosed on the property, purchased the property at the sheriff's sale, and plaintiff did not redeem the property, absent a legal basis to set aside the foreclosure and sheriff's sale, plaintiff's claimed interest in the property fails as a matter of law. See e.g. *Special Property VI, LLC v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007) ("the plaintiff in a quiet-title action has the initial burden of establishing a prima facie case of title. . . "); MCR 3.411(B)(2)(c) (in a civil action to determine interests in land, a plaintiff must allege facts in the complaint that establish superiority of the plaintiff's claim). Thus, we proceed by addressing the basis on which plaintiff contends that the foreclosure and sheriff's sale should be set aside.

In her complaint, plaintiff alleged that Chase failed to send her a "14/30" day letter as required by MCL 600.3205c. Plaintiff presumably refers to the letter described in MCL 600.3205a, which allowed a borrower to contact a housing counselor, and, if such contact was made, MCL 600.3205c imposed certain obligations upon the lender with regard to loan modification. In the event that the mortgage holder failed to abide by these obligations, under MCL 600.3205c(8), it could have been required to proceed by judicial foreclosure as opposed to foreclosure by advertisement.

Plaintiff's reliance on MCL 600.3205c is misplaced. That statute did not provide an independent cause of action to set aside a foreclosure after expiration of the statutory redemption period. Nor did it guarantee plaintiff the right to a loan modification. Rather, the statute provided a means by which a borrower could demand that a foreclosure by advertisement proceed as a judicial foreclosure. Thus, plaintiff's reliance on MCL 600.3205c as a basis to set aside the foreclosure and establish title to the property failed as a matter of law.

Additionally, to the extent that plaintiff alleged that the foreclosure and sheriff's sale should be set aside due to fraud and irregularities, this claim also failed as a matter of law.

MCL 600.3204 sets forth the requirements for a foreclosure by advertisement. *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 113; 825 NW2d 329 (2012). "[D]efects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void ab initio." *Id*. at 115-116. "In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204." *Id*. "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id*. This is a high burden and "it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Inv Inc v Kenney*, 275 Mich App 492, 497; 739 NW2d 656 (2007) (quotation marks and citations omitted).

In her complaint, plaintiff alleged that she was prejudiced by Chase's failure to abide by MCL 600.3205c in that she "no longer has legal title to her home and she can no longer petition the Court for a Judicial Foreclosure."

Plaintiff did not allege sufficient facts to show that Chase's alleged failure to adhere to the loan modification provisions of MCL 600.3205c amounted to prejudice sufficient to set aside the sheriff's sale. Plaintiff did not allege that she would have been offered a loan modification had Chase complied with the requirements of the statute and Chase was not obligated to offer her a modification. Indeed, plaintiff alleged in her complaint that she contacted Chase and Chase refused to offer her a loan modification. Thus, plaintiff failed to allege how she would have been in a better position to retain interest in the property had Chase complied with MCL 600.3205c. Moreover, having the ability to petition for a judicial foreclosure would not have put plaintiff in a better position to retain her interest in the property. MCL 600.3205c did not provide a means to avoid a foreclosure. Instead, as noted above, at best, plaintiff could have demanded a judicial foreclosure as opposed to a foreclosure by advertisement. See MCL 600.3205c(8). Plaintiff did not allege that she would have been able to retain her interest in the property had Chase proceeded with a judicial foreclosure. Thus, Chase's alleged violation of MCL 600.3205c was insufficient to show prejudice to set aside the sheriff's sale under *Kim*, 493 Mich at 113.

In sum, plaintiff failed to allege a legally cognizable claim to set aside the foreclosure and sheriff's sale. Therefore, her claims to quiet title and for injunctive relief failed as a matter of law and the trial court did not err in granting Chase's motion for summary disposition pursuant to MCR 2.116(C)(8).

Affirmed. No costs awarded. MCR 7.219(a).

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens

-3-