# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES KURLENDA,

Plaintiff-Appellant,

v

TERRI DENSON,

Defendant-Appellee.

UNPUBLISHED
February 12, 2015

No. 318408
Montcalm Circuit Court
LC No. 2012-016612-CH

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Plaintiff James Kurlenda appeals as of right the trial court's order granting defendant Terri Denson's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

The property and home at issue are located in Howard City, Michigan (the property). On August 11, 2008, plaintiff executed a deed conveying the property to defendant. After the demise of the parties' dating relationship, plaintiff requested that defendant "surrender" the deed to him; she declined to do so without receiving monetary compensation. Plaintiff then filed the present action seeking to quiet title in the property in him; defendant moved for summary disposition, and the trial court granted defendant's motion pursuant to MCR 2.116(C)(10).

Pursuant to MCR 2.116(C)(10), summary disposition should be granted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When deciding a motion for summary disposition under MCR 2.116(C)(10), a court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). The party opposing the motion then has the burden of showing by evidentiary materials that a genuine issue of disputed fact exists. MCR 2.116(G)(4); *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). If the opposing party fails to present such evidence, the motion is properly granted. MCR 2.116(G)(4); *Maiden*, 461 Mich at 120.

In an action to quiet title, the plaintiff has the burden to establish a prima facie case of title. *Special Property VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007) (citation omitted). Summary disposition for the defendant is proper if the plaintiff fails to carry this burden. *Id*. (citation omitted). "Consequently, to avoid summary disposition of its claim to

-1-

quiet title, [it] is incumbent on plaintiff to establish its title in the subject property by admissible evidence." *Id.*

In the present case, the deed is in writing, signed by plaintiff as the seller, and clearly describes the property, the parties, and the consideration. Although the consideration expressed in the deed is minimal, the trial court properly used parol evidence to find that defendant gave additional consideration for the deed in the form of services rendered to plaintiff's business. *In re Rudell Estate*, 286 Mich App 391, 411; 780 NW2d 884 (2009). Therefore, the deed effectuated a valid conveyance of real property. *Zurcher v Herveat*, 238 Mich App 267, 277, 290-291; 605 NW2d 329 (1999).

However, plaintiff argued that the trial court should quiet title to the property in him because when he executed the deed he did not intend to convey a present interest in the property to defendant; instead, he only intended to convey a life estate. To determine the extent of the interest conveyed by a valid deed we are required to start by examining the plain language of the deed. *Huntington Woods v Detroit*, 279 Mich App 603, 620; 761 NW2d 127 (2008). The plain language of a deed is the best evidence of the parties' intent, and "[t]he general rule is that '[t]he controlling intent is that which is expressed in the instrument, rather than any belief or secret intention of the party or parties which may have existed at the time of execution.' " *Rudell Estate*, 286 Mich App at 409 (citation omitted). Further, "when a quitclaim deed is reduced to writing and executed with the proper formalities, '[i]t is presumed to contain the agreement made by the parties at the time' and 'is so conclusively presumed to embody the whole contract that parol evidence is inadmissible to contradict it or add to its terms.' " *Id.* at 410 (citation omitted).

In the present case, the parties' intent as manifested in the plain and unambiguous language of the deed was to convey a present, complete, unrestricted interest in the property to defendant. *Huntington Woods*, 279 Mich App 620. The deed contains no language regarding a life estate or remaining interest or contingent interest; simply put, there is nothing in the plain language of the deed that restricts defendant's interest in the property to a life estate. And, because the deed was reduced to writing and executed with the proper formalities, the deed "is presumed to contain the agreement made by the parties at the time." *Rudell Estate,* 286 Mich App at 410 (citation omitted). Therefore, parol evidence was inadmissible to contradict the terms of the deed. *Id.* In sum, the deed validly conveyed an interest in the property to defendant, and pursuant to the plain language of the deed, this was an unrestricted, present interest in the property. Therefore, plaintiff did not meet his burden to establish a prima facie case of title to the property, and defendant was entitled to summary disposition. *Special Property VI*, 273 Mich App at 590.

We note that because a quiet title action is equitable in nature, a court can, in limited circumstances, exercise its equitable powers to reform even a valid conveyance of real property. *Rudell Estate*, 286 Mich App at 402. Specifically, a court may exercise its equitable powers to reform a valid deed because of either the mutual mistake of the parties or a unilateral mistake by the grantor. *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 380; 761 NW2d 353 (2008). A mutual mistake occurs when the deed does not express the true intent of both parties and must be proven by "clear and satisfactory" evidence, "so as to establish the fact beyond cavil." *Id.* at 379. In the present case, there was no clear and satisfactory evidence of a mutual mistake presented by plaintiff such that equity required the trial court to

rescind the valid deed and grant summary disposition to plaintiff. A unilateral mistake is typically found on the basis of fraud, or "where the other party had knowledge of the [grantor's] mistake and concealed that knowledge." *Id*. at 380. In the present case, plaintiff does not allege, and there is no evidence to support a finding, that defendant had knowledge of his alleged mistake regarding the extent of the interest to be conveyed but concealed that knowledge. In other words, there was no evidence of a unilateral mistake such that equity required the trial court to rescind the valid deed and grant summary disposition to plaintiff.

Affirmed.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey