# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL HARTZLER, JANICE HARTZLER, STEVEN F. JOHNSTON, LLOYD C. AFFHOLTER, JOANNE BLATT, MONTY K. BLATT, LORETTA BRUNI, DANIEL BUSH, ROBERT L. CARTER, VICKI CARTER, J. COSTEN, LAUREEN FIDGE, RICHARD FIDGE, JEFFREY A. GOTTRON, JOE GOTTRON, GEORGE HARDING, VALERIE HARDING, MARK T. HICKNER, DOROTHY JACKSON, THERESA JOHNS, DOUGLAS P. JOHNSTON, LOU JOZEFIAK, PATRICIA L. LUGARIE, GENEVIEVE MACK, LARRIE MACK, JAMES LAMAR MATTHEWS, TOD N. MCBEAN, PAULA MIES, KARIABBOTT MORGAN, KARI ABOTT MORGAN, MICHAEL MORGAN, BRIAN SEEWALD, ROBERT J. SWART, PRESTON TAYLOR, DEANNA UTSLER, GAIL WEHBY, and MICHAEL WEHBY,

Plaintiffs-Appellants,

v

DONALD WARREN, MARCIA WARREN, MAW PROPERTIES, INC., BANK OF AMERICA CORPORATION, formerly known as COUNTRYWIDE BANK FSB, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, also known as FANNIE MAE,

Defendants,

and

QUICKEN LOANS, GEORGE DOSS III, and DOREEN DOSS,

Defendants-Appellees.

UNPUBLISHED
November 12, 2015

No. 322730
Oakland Circuit Court
LC No. 2013-135526-CZ

-1-

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

In this quiet-title action, plaintiffs appeal as of right the order of dismissal of defendants Donald Warren, Marcia Warren, and MAW Properties, Inc., following the trial court's order denying plaintiffs' motion for summary disposition and granting defendants-appellees' cross-motion for summary disposition.[1]  We affirm.

## I.  FACTS

Plaintiffs initiated this case as an action supplemental to earlier litigation, which resulted in two judgments in their favor against Royal American Mortgage ("RAM"), a nonparty to this action.  At issue is real property located in Bloomfield Township.  Plaintiffs contend that the previous litigation established that a mortgage on the subject property, which was held by RAM, was fraudulently discharged.  The property was foreclosed upon when the titleholders defaulted on a loan that was secured by a mortgage and issued after the discharge of the RAM mortgage.  The property was then acquired by the mortgagee by way of a sheriff's sale.  After several intermediate conveyances, defendants-appellees George and Doreen Doss purchased the property, subject to a mortgage held by defendant-appellee Quicken Loans.

Plaintiffs filed a complaint, alleging that the RAM mortgage remained valid and that the RAM mortgage invalidated all subsequent conveyances of title.  Accordingly, plaintiffs argued, the current titleholder was obligated to convey fee simple interest in the property to RAM so that plaintiffs may claim against the property to satisfy their judgments.  Plaintiffs filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that the fraudulent discharge of the RAM mortgage invalidated the subsequent transfers of the property and that plaintiffs were entitled to execute on the property as judgment creditors.  Defendants-appellees filed a cross-motion for summary disposition pursuant to MCR 2.116(C)(8) and (10), arguing that plaintiffs' claim was barred by the equitable doctrine of unclean hands, plaintiffs failed to request relief with regard to defendant-appellee Quicken Loans, and the court could not grant the relief requested with regard to defendants-appellees George and Doreen Doss.  The trial court issued an opinion and order determining that the evidence did not establish a prima facie case for title and that defendants-appellees were entitled to summary disposition as a matter of law.

## II.  TITLE

Plaintiffs first argue that the trial court misapprehended legal principles regarding the effect of the fraudulently discharged mortgage on later conveyances of title.  We disagree.

---

[1] We note that, contrary to defendants-appellees' assertion in their brief on appeal, the stipulated order of dismissal is a final order since it was the first judgment to dispose of all the claims and adjudicate the rights and liabilities of all of the parties in this case.  See MCR 7.202(6)(a)(*i*).

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Midamerican Energy Co v Dep't of Treasury*, 308 Mich App 362, 369; 863 NW2d 387 (2014). However, if the court "misapprehends the law to be applied, an abuse of discretion occurs." *Kalaj v Khan*, 295 Mich App 420, 425; 820 NW2d 223 (2012) (citations and quotation marks omitted).

"Summary disposition may be granted under MCR 2.116(C)(10) if the documentary evidence submitted by the parties, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Holland v Consumers Energy Co*, 308 Mich App 675, 681; 866 NW2d 871 (2015). The parties must support their respective positions with admissible documentary evidence. MCR 2.116(G)(3)(b) and (G)(6). If after careful review of the evidence it appears to the court that there is no genuine issue of material fact and the opposing party is entitled to judgement as a matter of law, then summary disposition is properly granted under MCR 2.116(I)(2). *Holland*, 308 Mich App at 681-682. We review de novo an equitable action to quiet title. *Special Prop VI LLC v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007).

At issue is whether the fraudulent discharge of the mortgage compels its reinstatement and whether the continuing existence of that mortgage entitles plaintiffs to title in the property as judgment creditors of RAM. In an action to quiet title, the plaintiff bears the burden of establishing a prima facie case for title. *Special Prop VI LLC*, 273 Mich App at 590. The complaint must allege the interest the plaintiff claims in the property, the interest the defendant claims in the property, and the facts establishing the superiority of the plaintiff's position. MCR 3.411(B)(2).

Michigan law firmly establishes that "a mortgage is not an estate in land; it is a lien on real property intended to secure performance or payment of an obligation." *Prime Fin Servs, LLC v Vinton*, 279 Mich App 245, 256; 761 NW2d 694 (2008) (citations omitted). Further, a mortgage is merely a security on an obligation, and if the mortgage is discharged, it cannot be assigned. See *id*. at 257; *Burkhardt v Bailey*, 260 Mich App 636, 654; 680 NW2d 453 (2004). A deed secured by fraud is invalid, and subsequent conveyances relying on that invalid deed share that defect without regard to notice. *Woodruff*, 273 Mich App at 591. However, as the trial court correctly observed, a mortgage interest is not equal to a fee interest. See *Vinton*, 279 Mich App at 256. A mortgage encumbers property without invalidating conveyances of title. See e.g., *Advanta Nat'l Bank v McClarty*, 257 Mich App 113, 124; 667 NW2d 880 (2003) ("[A] purchaser at a foreclosure sale of a second mortgage takes the property subject to the first mortgage, but the contrary is not true."). A party attempting to establish a right to judicial foreclosure must show that there was a debt that was secured by the mortgage. See *Marketplace of Rochester Hills Parcel B, LLC v Comerica Bank*, 309 Mich App 579; ___ NW2d ___ (2015); slip op at 4. At most, reinstatement of the mortgage, then, would result in a lien on the property reverting to the nonparty mortgagee, which would not itself invalidate any subsequent conveyances of title. See *Advanta Nat'l Bank*, 257 Mich App at 124. If the mortgage remains valid, the mortgagee may be able to gain title in the property by electing to foreclose. See MCL 600.3105(1) and (2). But plaintiffs are not empowered to compel foreclosure to satisfy a debt unrelated to the mortgage since plaintiffs did not bring an action to foreclose a mortgage on the property. See MCL 600.3105(1) and (2).

Plaintiffs do not assert any present right of their own to title through foreclosure, and so have not undertaken the pertinent statutory and common law procedures for such an action. Instead, plaintiffs' claim to title rests on the following chain of assertions: (1) an old mortgage on the property was discharged fraudulently and so remains in effect, (2) the mortgage continues to encumber the property and has thus invalidated the subsequent conveyances of title, (3) the interest held by RAM involved in the fraudulent discharge is superior to all others and thus entitles RAM to title, and (4) plaintiffs, as judgment creditors of RAM, may claim against the property. The record lacks evidence to substantiate the assertions that conveyances of the property were invalid or that RAM's interest, if any, entitles it to title to the property. Assuming the truth of the factual assertion constituting the first link of that chain, we conclude that plaintiffs have failed to show the legal validity of the second, third, and fourth links. Because, at most, a mortgage interest in, or lien upon, the property remains, plaintiffs' theory that a mortgage long treated as discharged should be revived is not itself a valid basis for establishing that mortgagee's title to the property, let alone plaintiffs' own. Accordingly, plaintiffs have failed to establish a prima facie case for title, and the trial court thus properly granted summary disposition in favor of defendants-appellees for that reason. See *Special Prop VI LLC*, 273 Mich App at 590; *Advanta Nat'l Bank*, 257 Mich App at 124.

## III. ALTERNATIVE EQUITABLE REMEDY

Plaintiffs also argue that the trial court abused its discretion by refusing to grant them equitable relief in the form of a mortgage lien, or proceed to trial on the merits of that issue. We disagree.

We review de novo an equitable action, and we review the trial court's findings of fact for clear error. See *Canjar v Cole*, 283 Mich App 723, 727; 770 NW2d 449 (2009). Quiet-title actions are equitable in nature. *Id*. The decision to grant equitable relief rests within the sound discretion of the deciding court. See *Tkachik v Mandeville*, 487 Mich 38, 45; 790 NW2d 260 (2010).

The trial court's decision to craft alternative equitable relief is a matter of its own grace and sound discretion. *Tkachik*, 487 Mich at 45. "Although courts undoubtedly possess equitable power, such power has traditionally been reserved for 'unusual circumstances' such as fraud or mutual mistake." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590; 702 NW2d 539 (2005) (citation omitted). But the cases recognizing a court's prerogatives in choosing equitable remedies do not stand for the proposition that trial courts must serve as the "research assistants of the litigants" who do not adequately present their case. See *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008).

In this case, the trial court did not rule that the mortgage in question should be reinstated; it only presumed that such a thing might be legally possible in order to evaluate the cross-motions for summary disposition. The court then noted that RAM would then have at most a lien on the subject property, and that as RAM's judgment creditors, plaintiffs' could claim no more than that themselves. In fact, the evidence before the court raised doubts concerning the validity of the disputed mortgage or its discharge. Further, plaintiffs presented no evidence of an outstanding debt underlying that mortgage. See *Marketplace of Rochester Hills Parcel B, LLC*, 309 Mich App at ___; slip op at 4; *Burkhardt*, 260 Mich App at 654. Absent argument or

evidence in those regards, the trial court could not properly have granted plaintiffs a mortgage lien on the basis of their complaint and motion as presented. See *id*. The trial court also addressed the considerations of equity and focused on defendants-appellees' lack of association with the incidents that caused plaintiffs' injuries. Therefore, the trial court did not abuse its discretion by declining to exercise its equitable powers to grant relief that plaintiffs failed to request in their complaint. See *Tkachik*, 487 Mich at 45.

Affirmed. Defendants-appellees may tax costs. See MCR 7.219(A).

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan