*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAIN STREET LOFTS CONDOMINIUM
ASSOCIATION,

UNPUBLISHED
November 21, 2023

      Plaintiff/Counterdefendant-Appellee,

v

OSCAR FRANCO PARODI, also known as OSCAR
PARODI,

Nos. 362990; 362991; 363727
Oakland Circuit Court
LC No. 2021-190435-CH

      Defendant/Counterplaintiff/Third-
      Party Plaintiff-Appellant,

and

HUNTINGTON BANK,

      Defendant,

and

CONDOMINIUM MANAGEMENT ASSOCIATES,

      Third-Party Defendant-Appellee.

Before: O'BRIEN, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In these consolidated appeals, defendant Oscar Franco Parodi appeals three separate orders entered by the trial court in this action arising from defendant's failure to pay assessments against his condominium unit, which resulted in a lien against his unit. Plaintiff, the co-owners association for the Main Street Lofts Condominium, brought this action for foreclosure of the lien and collection of the delinquent assessments.

-1-

In Docket No. 362990, defendant appeals by leave granted[1] the trial court's opinion and order granting partial summary disposition in favor of plaintiff and third-party defendant Condominium Management Associates ("CMA") and dismissing defendant's counterclaims and third-party claims for breach of contract or breach of fiduciary duty and conversion on the ground that the claims were barred by the applicable statutes of limitation. In Docket No. 362991, defendant appeals by leave granted[2] the trial court's opinion and order granting plaintiff's motion for summary of its foreclosure and delinquency claims against defendant. And in Docket No. 363727, defendant appeals by right the trial court's final order granting plaintiff and CMA summary disposition of defendant's remaining claims for quiet title and slander of title. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is the co-owners' association of the Main Street Loft Condominiums in Royal Oak, Michigan. CMA performs consulting and managerial duties for plaintiff. In 2011 and 2013, the building sustained damage to its exterior walls, and plaintiff contracted with Bain Architectural Builders, LLC ("Bain") for repairs. In connection with the repairs, plaintiff obtained a loan of $750,000 with Alliance Association Bank to pay for them. Plaintiff imposed three assessments on the 22 condominium co-owners to pay for the repairs and repay the loan: (1) in June 2012, plaintiff issued an assessment of $2,633 per unit, for a total of $57,926; (2) in 2013, plaintiff issued an assessment of $38,000 per unit, for a total of $836,000; and (3) in 2015, plaintiff issued an assessment of $56,000 per unit, for a total of $1,232,000.

Defendant purchased his unit in 2015 after the assessments were imposed. In January 2020, plaintiff informed the co-owners that another monthly assessment of $295 would be imposed on each unit to resolve a cash-flow problem. Plaintiff also informed the co-owners that the balance of its Alliance loan was $527,506. Defendant refused to pay the January 2020 assessment because he believed that the three prior assessments were sufficient to repay the Alliance loan.

After plaintiff recorded a lien against defendant's unit, plaintiff brought this action against defendant on October 7, 2021, for payment of the outstanding assessments and foreclosure of defendant's unit. On March 18, 2022, defendant filed counterclaims against plaintiff for breach of contract, breach of fiduciary duty, conversion, quiet title, and slander of title. Defendant alleged that plaintiff refused to account for the sums it received in the first three assessments and added CMA as a third-party defendant for the same counterclaims.

Plaintiff and CMA jointly moved for summary disposition of defendant's claims for breach of contract, breach of fiduciary duty and conversion, arguing that these claims were barred by the respective statutes of limitation because defendant failed to allege that any wrongful act occurred within the applicable limitation periods. The trial court granted the motion, which defendant

---

[1] *Main Street Lofts Condo Assoc v Parodi*, unpublished order of the Court of Appeals, entered November 17, 2022 (Docket No. 362990).

[2] *Main Street Lofts Condo Assoc v Parodi*, unpublished order of the Court of Appeals, entered November 17, 2022 (Docket No. 362991)

appeals in Docket No. 362990. Plaintiff also moved for summary disposition of its claims against defendant under MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that defendant defaulted on his obligation to pay the fourth assessment and that plaintiff was entitled to foreclose on defendant's unit. Defendant argued in opposition that the legitimacy of the fourth assessment was the pivotal issue in the case and the parties' claims could not be resolved until discovery was complete. He anticipated that discovery would enable him to prove that the fourth assessment was not justified because plaintiff could not account for funds received in the previous three assessments. The trial court granted plaintiff's motion, which defendant appeals in Docket No. 362991.

Plaintiff and CMA thereafter moved for summary disposition and sought dismissal of defendant's remaining claims for quiet title and slander of title. Plaintiff and CMA argued that the trial court's second summary disposition order collaterally estopped defendant from prevailing on his remaining claims. The trial court concluded that its prior summary disposition orders rendered defendants' remaining claims moot and dismissed the claims on that basis. After defendant filed a claim of appeal from that order in Docket No. 363727, this Court granted defendant's applications in Docket Nos. 362990 and 362991,[3] and consolidated the three appeals.

## II. COUNTERCLAIMS FOR BREACH OF CONTRACT OR BREACH OF FIDUCIARY AND CONVERSION

Defendant asserted a counterclaim and third-party claim for breach of contract and breach of fiduciary duty, and an additional claim for conversion. Defendant argues that the trial court erred by dismissing these claims on the basis that they were barred by the applicable statutes of limitation. We disagree.

## A. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by the "statute of limitations." A party moving for summary disposition under MCR 2.116(C)(7) may support its motion with documentary evidence, and "[t]he reviewing court must view the pleadings and supporting evidence in the light most favorable to the nonmoving party" to determine whether the claim is barred by the statute of limitations. *Kincaid v Cardwell*, 300 Mich App 513, 522-523; 834 NW2d 122 (2013). "In the absence of disputed facts, whether a cause of action is barred by the applicable statute of limitations is a question of law, which this Court reviews de novo." *Magee v DaimlerChrysler Corp*, 472 Mich 108, 111; 693 NW2d 166 (2005).

---

[3] In his briefs on appeal in Docket Nos. 362990 & 362991, defendant argues that he established a sufficient basis to justify interlocutory review of the trial court's first two orders granting summary disposition. This issue is now moot given that defendant later filed a claim of appeal from the final order entered in this matter, and this Court granted defendant's applications in Docket Nos. 362990 & 362991 and consolidated the three appeals. Although defendant has filed a separate brief in each appeal, the briefs raise many of the same arguments.

## B. ANALYSIS

"Under the common law, conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip, Inc v Columbian Distrib Servs, Inc*, 497 Mich 337, 346; 871 NW2d 136 (2015). Statutory conversion is governed by MCL 600.2919a(1)(a), which allows the plaintiff to recover treble damages if, in addition to the elements of the common-law tort, the defendant converted the property to its own use. *Aroma Wines*, 497 Mich at 355-356.

Conversion is subject to the three-year limitations period in MCL 600.5805(2). "Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues," and unless otherwise provided by statute, "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. "Limitations periods in tort actions begin to run at the time all elements, including damages, can be alleged in a proper complaint." *Blazer Foods, Inc v Restaurant Props*, 259 Mich App 241, 254; 673 NW2d 805 (2003).

Defendant's conversion claim was made on the basis of the following allegations:

> 23. Based upon documents Defendant has received and Plaintiff's refusal to provide any reasonable or accurate accounting, it would appear that a substantial amount of funds belonging to the Condominium Association have been converted and/or misappropriated.

> 24. That Plaintiff's actions in this matter suggest an appearance of being complicit in conversion of these funds.

Defendant argues that his conversion claim accrued on the date that plaintiff wrongfully exerted dominion over the misappropriated funds, but he does not allege when that happened. The conversion claim is based on allegations that plaintiff or CMA converted the funds received from the prior assessments, which were issued in 2012 to 2015, well more than three years before defendant filed his counterclaim on March 18, 2022. Defendant alleged in his counterclaim that it appeared from documents he had received that plaintiff converted or misappropriated the funds, but he did not identify the alleged documents or explain how they supported his belief that the funds had been misappropriated. The only documentary evidence submitted by defendant in support of his response to plaintiff and CMA's motion for summary disposition were the notices for the first three assessments, issued in 2012 to 2015, the January 3, 2020 notice of the fourth assessment, and a printout of the payment history for the Alliance loan. None of these documents are probative of whether plaintiff or CMA converted or misappropriated the funds received in the 2012 to 2015 assessments. Although defendant argues that the dates the assessments were issued are not the dates that a conversion allegedly occurred, none of defendant's allegations or evidence permitted an inference that an act of conversion occurred within the three-year period before defendant filed his counterclaims on March 18, 2022.

Defendant's alternative claims for breach of contract and breach of fiduciary duty are based on allegations that plaintiff and CMA have a contractual or fiduciary duty to manage plaintiff's finances, and they breached their duties by failing to investigate any discrepancies with missing

funds. Breach of fiduciary duty is subject to a three-year limitations period, and the claim accrues "when the beneficiary knew or should have known of the breach." *Prentis Family Foundation v Karmanos Cancer Institute*, 266 Mich App 39, 47; 698 NW2d 900 (2005), citing MCL 600.5805(10). Breach of contract is subject to a six-year limitations period. MCL 600.5807(9). Like defendant's conversion claim, these claims are also factually dependent on evidence that funds were mismanaged or misappropriated within the applicable limitation periods. However, defendant did not allege any act within the three-year period for a breach-of-fiduciary claim, or the six-year period for a breach-of-contract claim, nor did he produce any evidence to demonstrate factual support for either claim within the applicable periods.

Defendant asserts that his conversion claim accrued in January 2020, when plaintiff disclosed to the co-owners that the bank loan had not been paid. However, the latest date alleged in defendant's counterclaim is August 2018, when plaintiff made the last payment to Bain. And, again, defendant has not alleged or produced any evidence to demonstrate factual support for his position that the funds received from the prior assessments were mismanaged or misappropriated within the three-year period before defendant filed his counterclaims on March 18, 2022. With respect to breach of contract, defendant did not allege any specific acts in breach of any alleged contractual duties that occurred within the six-year period before March 18, 2022. January 2020 was the date that plaintiff issued the fourth assessment because of cash-flow problems partly related to the outstanding loan balance, but the mere issuance of the assessment has no relevance to defendant's assertion that plaintiff or CMA breached any contractual duty by failing to properly manage the three prior assessments.

We also disagree with defendant's argument that summary disposition was premature because discovery had not been completed. "Generally, summary disposition under MCR 2.116(C)(10) is premature if it is granted before discovery on a disputed issue is complete." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). "However, the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate." *Id.* "[A] party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence." *Id*. at 292-293.

When a nonmoving party is unable to present the facts necessary to support the nonmoving party's position because they are known only to the moving party, the nonmoving party must submit an affidavit to that effect, state the nature of the probable evidence in possession of the moving party, and state the reason for the nonmoving party's belief that the moving party would produce such evidence. MCR 2.116(H)(1). When such an affidavit is submitted, a trial court is required to either deny the motion for summary disposition or allow further time for additional discovery. MCR 2.116(H)(2). Thus, when a party opposing summary disposition believes that summary disposition is premature, that party "must offer the required MCR 2.116(H) affidavits, with the probable testimony to support its contentions." *Marilyn Froling Revocable Trust*, 283 Mich App at 293. When claims "are subject to dismissal as matters of law under MCR 2.116(C)(7) and MCR 2.116(8)," additional discovery is unnecessary. *NL Ventures VI Farmington, LLC v City of Livonia*, 314 Mich App 222, 240; 886 NW2d 772 (2015).

In support of his argument, defendant cites his right under MCL 559.157(1) to inspect the "books, records, contracts, and financial statements concerning the administration and operation of the condominium project." He argues that further discovery could reveal a wrongful act occurring within the limitation periods. However, defendant did not offer the required MCR 2.116(H) affidavit, with the probable testimony to support his belief that he would be able to discover evidence to establish a claim for breach of contract, breach of fiduciary duty, or conversion within the applicable limitation periods. See *Marilyn Froling Revocable Trust*, 283 Mich App at 293. Accordingly, we reject defendant's claim that summary disposition was premature because defendant was unable to inspect plaintiff's records.

Defendant also argues that further discovery could demonstrate facts showing that plaintiff and CMA fraudulently concealed a cause of action, thereby tolling the applicable limitation periods under MCL 600.5855, which states:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

"This statutory section permits the tolling of a statutory limitations period for two years if the defendant has fraudulently concealed the existence of a claim." *Mays v Snyder*, 323 Mich App 1, 39; 916 NW2d 227 (2018).

"For the fraudulent-concealment exception to apply, a plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment and prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery." *Id*. at 39 (quotation marks and citation omitted). "For a plaintiff to be sufficiently apprised of a cause of action, a plaintiff need only be aware of a possible cause of action." *The Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 123; 850 NW2d 649 (2014) (quotation marks and citations omitted). "Whether a plaintiff should have known of a cause of action is judged under an objective standard. *Prentis Family Foundation*, 266 Mich App at 45 n 2. "The statute was not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by facts known . . . ." *Id*.

Defendant's counterclaim did not allege any facts other than a general suspicion that plaintiff had already collected sufficient sums to pay for repairs. Although defendant asserts that plaintiff and CMA wrongfully denied his request for access to records under MCL 559.157(1), *defendant did not assert a claim under this statute*. Moreover, defendant did not submit an affidavit under MCR 2.116(H) to explain the basis for any belief that plaintiff or CMA committed affirmative acts designed to prevent discovery of any cause of action. Accordingly, defendant has not demonstrated that summary disposition was premature.

In sum, we affirm the trial court's order granting plaintiff and CMA's first motion for summary disposition and dismissing defendant's counterclaims and third-party claims for breach of contract, breach of fiduciary duty, and conversion.

## III. PLAINTIFF'S CLAIMS FOR FORECLOSURE AND RECOVERY OF MONEY DAMAGES

Defendant also argues that the trial court erred by granting plaintiff's second motion for summary disposition in which plaintiff requested summary disposition of its claims against defendant for foreclosure and recovery of money damages for the unpaid assessments. We disagree and affirm the trial court's order.

### A. STANDARDS OF REVIEW

The trial court granted plaintiff's motion for summary disposition under MCR 2.116(C)(10), which may be granted "when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "If the moving party properly supports his or her motion, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists." *Redmond v Heller*, 332 Mich App 415, 438; 957 NW2d 357 (2020). "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Lowrey*, 500 Mich at 7 (quotation marks and citation omitted). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

Defendant does not dispute that he did not pay the fourth assessment when it was issued, nor does he dispute plaintiff's general authority to issue the assessment or that plaintiff recorded a lien against his unit when the assessments were not paid. His only defense to plaintiff's claims for foreclosure and money damages is that the fourth assessment was not valid because plaintiff could not account for monies collected in the first three assessments and explain why they were insufficient to pay the Alliance loan. Thus, to avoid summary disposition, defendant was required to establish a genuine issue of material fact regarding the validity of the fourth assessment. Although defendant questioned how the funds from the earlier three assessments were used, he did not provide any documentary evidence supporting his allegation that the funds were misappropriated or that plaintiff denied his requests to inspect books and records. Because plaintiff submitted factual support for its authority to issue the fourth assessment, and to show that it recorded a lien against defendant's unit for the unpaid assessment and that it was entitled to foreclose on that lien, and because defendant failed to demonstrate a genuine issue of material fact

regarding his belief that the assessment was not justified, plaintiff was entitled to judgment on its claims for foreclosure and money damages.[4]

Defendant also argues that the trial court erred by awarding plaintiff attorney fees as part of the order awarding plaintiff judgment on its claims. Plaintiff requested an award of attorney fees in its motion for summary disposition. Although plaintiff's second motion for summary disposition included a request for attorney fees, defendant did not address this claim in his response to plaintiff's motion. Defendant first objected to attorney fees in his objections to the proposed order and motion for reconsideration. "As a general rule, an issue is not preserved if it is raised for the first time in a motion for reconsideration in the trial court." *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019). Failure to properly preserve an argument in the trial court renders the issue waived on appeal. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 359090), slip op at 4-5 (explaining that plain error review is not permitted in civil cases and the failure to raise an issue in the trial court waives the issue on appeal). Accordingly, the issue is waived, and we affirm the trial court's order granting plaintiff motion for summary disposition of its claims against defendant.[5]

---

[4] We also reject defendant's argument that summary disposition of plaintiff's second motion for summary disposition was premature. Again, defendant was required to identify a disputed factual issue and "offer the required MCR 2.116(H) affidavits, with the probable testimony to support [his] contentions." *Marilyn Froling Revocable Trust*, 283 Mich App at *Id*. at 292-293. Defendant failed to do so, and merely stated his suspicion that discovery possibly could reveal evidence supporting his defense. This was insufficient.

And although defendant lists in his statement of questions presented in Docket No. 362991 that the trial court erred by denying his motion for reconsideration of the order granting plaintiff's second motion for summary disposition, he does not separately address this issue in the argument section of his brief. Therefore, the issue has been abandoned. *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984) (stating that it is not enough for an appellant to simply announce a position and "leave it up to this Court to discover and rationalize the basis" for the claim); *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 458; 688 NW2d 523 (2004) (stating that "[i]nsufficiently briefed issues are deemed abandoned on appeal") (quotation marks and citation omitted).

[5] Even if defendant had not waived the issue, we would conclude the trial court did not err when it awarded plaintiff attorney fees. Although defendant complains that the trial court failed to cite authority for its award of attorney fees, the record discloses that plaintiff's motion for summary disposition requested attorney fees and costs under both MCL 559.206 and its condominium bylaws. MCL 559.206(b) provides that in a proceeding arising from a default by a co-owner, "the association of co-owners . . . if successful, shall recover the costs of the proceeding and reasonable attorney fees, as determined by the court, to the extent the condominium documents expressly provide." Article II, § 2.7(d) of plaintiff's bylaws states also allow for the collection of "actual attorney's fees" in connection with "collecting unpaid assessments."

## IV.  OBJECTIONS TO PROPOSED ORDER

Defendant also argues that the trial court erred by entering the order granting plaintiff's second motion for summary disposition without holding a hearing to consider his objections to plaintiff's proposed order.  We disagree.

### A.  STANDARDS OF REVIEW

Whether a trial court complied with MCR 2.602(B) when entering an order involves the interpretation and application of the court rules, which is an issue of law that this Court reviews de novo.  *Jones v Jones*, 320 Mich App 248, 259; 905 NW2d 475 (2017).

### B.  ANALYSIS

MCR 2.602 governs entry of judgments and orders.  MCR 2.602(B)(3) establishes a procedure whereby a party may "serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice."  "If no written objections are filed within 7 days of the date of service of the notice, the judge shall sign the judgment or order if, in the court's determination, it comports with the court's decision."  MCR 2.602(B)(3)(a).  "If the proposed judgment or order does not comport with the decision, the court shall direct the clerk to notify the parties to appear before the court on a specified date for settlement of the matter."  MCR 2.602(B)(3)(a).  The court must schedule a hearing on the opposing party's objection.  MCR 2.603(B)(3)(d).  The plain terms of this rule "provide that it is a mechanism for the entry of an order or judgment reflecting a decision made by the trial court."  *Hein v Hein*, 337 Mich App 109, 123-124; 927 NW2d 337 (2021).

None of defendant's objections to plaintiff's proposed order identified any aspect of the order that deviated from the substance of trial court's opinion granting plaintiff's motion for summary disposition.  Defendant's objections instead were made on the basis of his disagreement with the substance of the trial court's decision and were the same arguments that he raised in his motion for reconsideration.  To the extent that the trial court erred by entering plaintiff's proposed order without holding a hearing, the error was harmless because the proposed order was consistent with the trial court's decision and defendant's objections otherwise had no merit.  See MCR 2.613(A) ("[A]n error or defect in anything done or omitted by the court or by the parties is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.").  Therefore, we reject

---

In support of the requested attorney fees, plaintiff submitted an affidavit from plaintiff's counsel, which listed the costs and attorney fees incurred by plaintiff to date and the experience of plaintiff's attorneys, and plaintiff also submitted a Statement of Account that contained an itemized listing of all attorney services provided and the amount charged for each service.  Because the submitted evidence demonstrated plaintiff's entitlement to attorney fees and defendant did not object to any of the requested fees or amounts, the trial court did not err when it awarded plaintiff its requested attorney fees in the amount of $6,937.50.

defendant's argument that summary disposition was improperly entered and affirm the trial court's order.

## V. DEFENDANT'S CLAIMS FOR QUIET TITLE AND SLANDER OF TITLE

Lastly, defendant argues that the trial court erred when it granted plaintiff and CMA's motion for summary disposition of defendant's counterclaims and third-party claims for quiet title and slander of title. We disagree.

To prevail on his quiet-title claim, defendant had the initial burden of establishing a prima facie case of title. *Special Prop VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007). Civil liability for slander of title is governed by MCL 600.2907a(1), which provides that a person who "encumber[s] property through the recording of a document without lawful cause with the intent to harass or intimidate any person is liable to the owner of the property" for monetary and exemplary damages.

Plaintiff and CMA argued that, given the trial court's order granting plaintiff's second motion for summary disposition, the doctrines of collateral estoppel and judicial estoppel precluded defendant's quiet-title and slander-of-title counterclaims. The trial court did not rely on either doctrine, but instead concluded that its order granting plaintiff's second motion for summary disposition rendered defendant's counterclaims moot, entitling plaintiff and CMA to summary disposition on the counterclaims under MCR 2.116(C)(10). Defendant does not address the trial court's finding of mootness.

"An issue is moot if an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Barrow v City of Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014) (quotation marks and citation omitted). Defendant was required to establish a superior property interest in his condominium unit to successfully prove his quiet-title claim. See *Special Prop VI*, 273 Mich App at 560. Additionally, he was required to prove that plaintiff recorded the lien against his property without lawful cause to successfully establish his claim for slander of title. See MCL 600.2907a(1). The trial court's order granting plaintiff's second motion for summary disposition necessarily determined that plaintiff had a valid lien against defendant's condominium unit, which it was entitled to foreclose. Thus, the trial court properly determined that the order granting plaintiff's second motion for summary disposition made it impossible for defendant to prevail on its counterclaims for quiet title and slander of title, rendering those claims moot.

Finally, we reject defendant's argument that summary disposition of plaintiff and CMA's motion for summary disposition of defendant's remaining counterclaims was premature. Again, defendant was required to identify a disputed factual issue and "offer the required MCR 2.116(H) affidavits, with the probable testimony to support [his] contentions." *Marilyn Froling Revocable Trust*, 283 Mich App at 292-293. Defendant failed to do so. In any event, because the trial court properly concluded that defendant's remaining counterclaims were moot because the order granting plaintiff's second motion for summary disposition precluded defendant from establishing his counterclaims as a matter of law, there was no reasonable likelihood that further discovery could establish support for defendant's claims. See *Anzaldua v Neogen Corp*, 292 Mich App 626,

636; 808 NW2d 804 (2011) ("A motion under MCR 2.116(C)(10) is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position.") (quotation marks and citation omitted). Accordingly, summary disposition was not premature, and we affirm the trial court's order granting plaintiff and CMA's motion for summary disposition of defendant's counterclaims and third-party claims for quiet title and slander of title.

Affirmed. Plaintiff and CMA, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly