# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN D. EDWARDS,

      Plaintiff-Appellant,

v

OAKLAND COUNTY TREASURER, and
SOUTHFIELD CITY TREASURER,

      Defendants-Appellees.

UNPUBLISHED
April 17, 2018

No. 336682
Oakland Circuit Court
LC No. 2016-154022-CH

Before: SERVITTO, P.J., and MARKEY and O'CONNELL, JJ.

PER CURIAM.

Plaintiff filed a complaint requesting an order setting aside an order foreclosing on his property, invalidating the sale of the property, and granting plaintiff legal title to the property. The trial court issued orders granting defendants' motions for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiff appeals by right. We affirm.

## I. FACTS

On November 26, 2008, plaintiff acquired the subject property by covenant deed and deemed it his "principal residence." When plaintiff failed to pay property taxes in 2012 and 2013, defendant Oakland County Treasurer foreclosed on the property. Plaintiff alleged that there was a failure to comply with statutory and constitutional notice requirements before foreclosure, but defendant Oakland County Treasurer presented evidence of multiple attempts to provide plaintiff with notice of the impending foreclosure: On June 1, 2014, a notice of property tax delinquency was mailed to plaintiff at the property address. A second notice of property tax delinquency was mailed to "John Edwards" and separately to "John Derek Edwards" at the property address on September 1, 2014. Notices of property tax forfeiture were again mailed to "John Edwards" and "John Derek Edwards" at the property address in February of 2015, although they were returned unclaimed.

On June 2, 2015, defendant Oakland County Treasurer conducted a title search that identified a New York, New York address and a Lansing, Michigan address as the only other residences associated with plaintiff. The title search also indicated that a "John M. Edwards" in West Bloomfield, Michigan held an interest in the property.

-1-

In December of 2015, a notice of administrative show cause hearing and judicial foreclosure hearing was mailed to plaintiff at the property address, although this was also returned unclaimed. On December 14, 2015, it was discovered that the property address was listed as the forwarding destination for the New York address. A notice of administrative show cause hearing and judicial foreclosure hearing was then mailed to plaintiff at the West Bloomfield address, though its arrival status was unclear. Another notice of administrative show cause hearing and judicial foreclosure hearing was mailed to plaintiff at the Lansing address and was accepted by a Nathaniel Edwards.

A process server stated that she personally visited the property three times—on October 20, 2015, November 7, 2015, and November 20, 2015—in attempts to serve the notice of show cause hearing and judicial foreclosure hearing on plaintiff. She never made contact with plaintiff, but posted the documents to the front door of the property, photographing the documents' placement immediately thereafter. Another process server personally visited the West Bloomfield address once in an attempt to serve the notice of show cause hearing and judicial foreclosure hearing on plaintiff. He also posted the documents to the front door when he was unable to make contact with plaintiff and took photographs.

In November, 2015, defendant Oakland County Treasurer mailed a notice of show cause hearing and judicial foreclosure hearing to plaintiff at a New York, New York address that did not match the one produced by the title search. Another notice of show cause hearing and judicial foreclosure hearing was mailed to plaintiff at the Lansing address and was again received by a Nathaniel Edwards. Finally, a notice of impending foreclosure was published in the Oakland Press on December 17, 2015, December 24, 2015, and December 31, 2015.

On February 3, 2016, the Oakland Circuit Court issued a judgment of foreclosure on the property. On March 1, 2016, defendant Oakland County Treasurer sent a final letter to plaintiff at the property address informing him of the foreclosure. Plaintiff did not timely appeal, and on July 7, 2016, the property was conveyed to the City of Southfield.

Plaintiff filed this suit on July 14, 2016, alleging that defendant Oakland County Treasurer did not comply with statutory and constitutional notice requirements before seeking foreclosure on the property. Defendants filed motions for summary disposition, which the trial court granted.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). The reviewing court must only consider evidence that was properly presented to the trial court before its decision on the motion. *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003). This Court also reviews de novo equitable actions to quiet title. *McFerren v B & B Investment Group*, 253 Mich App 517, 522; 655 NW2d 779 (2002).

Under MCR 2.116(C)(10), summary disposition can be granted if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." Motions for summary disposition under MCR 2.116(C)(10) test the factual

sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence." *Dextrom*, 287 Mich App at 416. When evaluating motions brought under this subrule, a trial court must consider—in the light most favorable to the nonmoving party—the parties' affidavits, pleadings, depositions, admissions, and other documentary evidence. *Id*. at 415-416, citing MCR 2.116(G)(5). Such evidence is required when judgment is sought pursuant to subrule (C)(10). MCR 2.116(G)(3)(b). Motions under subrule (C)(10) "must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." MCR 2.116(G)(4). The nonmoving party may not rest upon its pleading, but it must set forth specific facts showing that there is a genuine issue for trial. *Id*. If the nonmoving party fails to do so, the moving party is entitled to judgment as a matter of law. *Maiden*, 461 Mich at 120. Mere conclusory allegations in a party's affidavit do not raise genuine issues of material fact. *Quinto v Cross and Peters Co*, 451 Mich 358, 371-372; 547 NW2d 314 (1996).

III. ANALYSIS

A. DUE PROCESS

Plaintiff argues that defendant Oakland County Treasurer did not provide proper notice before seeking foreclosure of the property in violation of plaintiff's due process rights. We disagree. As a preliminary matter, the new evidence attached to plaintiff's appellate brief is not properly before this Court for review: it was not presented to the trial court before its decision on defendants' motions. See *Peña*, 255 Mich App at 310.

It was the intent of the Legislature that the provisions of the General Property Tax Act, see MCL 211.1 through MCL 211.157,

> relating to the return, forfeiture, and foreclosure of property for delinquent taxes satisfy the minimum requirements of due process required under the constitution of this state and the constitution of the United States but that those provisions do not create new rights beyond those required under the state constitution of 1963 or the constitution of the United States. [MCL 211.78(2).]

"Before a State may take property and sell it for unpaid taxes, the Due Process Clause of the Fourteenth Amendment requires the government to provide the owner notice and opportunity for hearing appropriate to the nature of the case." *Jones v Flowers*, 547 US 220, 223; 126 S Ct 1708; 164 L Ed 2d 415 (2006) (quotation marks omitted). Due process does not require that a property owner receive actual notice, however. *Id*. at 226. Instead, due process only requires that the government provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (quotation marks omitted). When the government attempts to provide notice and never learns that the attempted notice failed to reach its intended recipient, the constitutional requirements of due process are still satisfied. *Id*. But if it learns that an attempted notice was returned unclaimed, the government must take additional, reasonable steps to notify the intended recipient to the extent it is practicable to do so. *Id*. at 234. Such steps may include resending the notice by regular mail, as opposed to certified mail, *posting the notice to the front door*, or addressing otherwise undeliverable mail to "occupant." *Id*. at 234-235 (emphasis added) (quotation marks omitted).

Michigan has codified the requirements as to how a county treasurer must send notice of delinquent taxes before forfeiture and foreclosure. MCL 211.78a(2) states:

> On March 1 in each year, taxes levied in the immediately preceding year that remain unpaid shall be returned as delinquent for collection . . . . [P]roperty delinquent for taxes levied in the second year preceding the forfeiture under section 78g or in a prior year to which this section applies shall be forfeited to the county treasurer for the total of the unpaid taxes, interest, penalties, and fees for those years as provided under section 78g.

On or within 60 days before the June 1 immediately following the date when unpaid taxes were returned as delinquent to a county treasurer, the county treasurer must send the first notice of delinquency by first class mail, address correction requested. MCL 211.78b. The notice must be sent

> to the person to whom a tax bill for property returned for delinquent taxes was last sent or to the person identified as the owner of property returned for delinquent taxes, to a person entitled to notice of the return of delinquent taxes . . . , and to a person to whom a tax certificate for property returned for delinquent taxes was issued . . . . [MCL 211.78b.]

It must include the following information:

> (a) The date property on which unpaid taxes were returned as delinquent will be forfeited to the county treasurer for those unpaid delinquent taxes, interest, penalties, and fees.
>
> (b) A statement that a person who holds a legal interest in the property may lose that interest as a result of the forfeiture and subsequent foreclosure proceeding.
>
> (c) A legal description or parcel number of the property and the street address of the property, if available.
>
> (d) The person or persons to whom the notice is addressed.
>
> (e) The unpaid delinquent taxes, interest, penalties, and fees due on the property.
>
> (f) A statement that unless those unpaid delinquent taxes, interest, penalties, and fees are paid on or before the March 31 immediately succeeding the entry in an uncontested case of a judgment foreclosing the property under section 78k, absolute title to the property shall vest in the foreclosing governmental unit.
>
> (g) A statement of the person's rights of redemption and notice that the rights of redemption will expire on the March 31 immediately succeeding the entry in an uncontested case of a judgment foreclosing the property under section 78k. [MCL 211.78b(a) through (g).]

Defendant Oakland County Treasurer presented evidence of such a notice with its motion for summary disposition. It was mailed to plaintiff at the property address with all necessary information on June 1, 2014.

A second notice must be sent by first class mail, address correction requested, on or within 60 days before the September 1 immediately following the date when unpaid taxes are returned to a county treasurer as delinquent. MCL 211.78c. This notice must include all of the information contained in the first notice, with an added "schedule of the additional fees that will accrue on the immediately succeeding October 1 . . . if the unpaid delinquent taxes, interest, penalties, and fees due on the property are not paid." MCL 211.78c(a) through (h). Defendant Oakland County Treasurer attached evidence of such notice. It was mailed to plaintiff at the property with all necessary information on September 1, 2014. Indeed, two copies were apparently sent: one to plaintiff as "John Edwards," and one to plaintiff as "John Derek Edwards."

No later than the February 1 immediately following the date when unpaid taxes were returned to a county treasurer as delinquent or for forfeiture, foreclosure, and sale, the county treasurer must send a third notice—this time by certified mail. MCL 211.78f(1). This notice must contain the same information included in the second notice but replace the requirement for a schedule of additional fees as of the immediately succeeding October 1 with "[a] schedule of the additional interest, penalties, and fees that will accrue on the immediately succeeding March 1 . . . if those unpaid delinquent taxes, interest, penalties, and fees due on the property are not paid." MCL 211.78f(1)(a) through (h). Defendant Oakland County Treasurer offered evidence of this third notice. It was mailed by certified mail to plaintiff—as "John Edwards" and "John Derek Edwards"—at the property with all necessary information in February of 2015.

Once a property has remained delinquent on taxes, penalties, and fees for a full year, the property is forfeited to the county treasurer on March 1 of the tax year. MCL 211.78g(1). Forfeited property may be redeemed at any time before the March 31 immediately following the entry of a judgment of foreclosure or, in a contested case, within 21 days of the entry of a judgment of foreclosure. MCL 211.78g(3). In this case, a judgment of foreclosure was entered by the Oakland Circuit Court on February 3, 2016. Plaintiff submitted no evidence that he redeemed or even attempted to redeem the property at any time after the judgment of foreclosure was issued.

No later than May 1 immediately following forfeiture, a foreclosing county must determine the address "reasonably calculated to apprise those owners of a property interest of the show cause hearing . . . and the foreclosure hearing . . . and shall send notice" of those hearings by certified mail, return receipt requested, at least 30 days before the show cause hearing. MCL 211.78i(2). Aside from the property address, on June 2, 2015, defendant Oakland County Treasurer discovered three additional addresses—the one in New York, New York, the one in West Bloomfield, and the one in Lansing—that may have been associated with plaintiff . It also discovered on December 14, 2015, that the address of the subject property was a valid forwarding address for the New York address. While it did not discover these additional addresses on or before May 1, 2015, see MCL 211.78i(2), because the address of the subject property was a valid forwarding destination for the New York address and because the West Bloomfield address was listed as the address of the holder of an encumbrance on the property not

bearing plaintiff's name, it appears that the property address and Lansing addresses were the only ones "reasonably calculated to apprise" plaintiff of the hearings. See *id*. Further, failure to comply with any provision of MCL 211.78i "shall not invalidate any proceeding under this act if the owner of a property interest . . . is accorded the minimum due process required under the state constitution of 1963 and the constitution of the United States." MCL 211.78i(10). Even so, defendant Oakland County Treasurer supplied evidence of a notice of the show cause hearing and foreclosure hearing, which was mailed in December of 2015 to plaintiff by certified mail to the property address, the West Bloomfield address, and the Lansing address. Statutorily sufficient notices were also mailed by certified mail to the New York address and the Lansing address in November, 2015.

The foreclosing county or an authorized representative or agent must personally visit the forfeited property. MCL 211.78i(3). If the representative or agent is unable to meet with the occupant, notice of the foreclosure must be placed

> in a conspicuous manner on the property . . . [along with] a notice that explains, in plain English, that the property will be foreclosed unless forfeited unpaid delinquent taxes, interest, penalties, and fees are paid, the time within which forfeited unpaid delinquent taxes, interest, penalties, and fees must be paid, and the names, addresses, and telephone numbers of agencies or other resources that may be available to assist the occupant to avoid loss of the property. [MCL 211.78i(3)(d).

Such notice must include all of the following:

> (a) The date on which the property was forfeited to the county treasurer.

> (b) A statement that the person notified may lose his or her interest in the property as a result of the foreclosure proceeding . . . .

> (c) A legal description or parcel number of the property and the street address of the property, if available.

> (d) The person to whom the notice is addressed.

> (e) The total taxes, interest, penalties, and fees due on the property.

> (f) The date and time of the show cause hearing . . . .

> (g) The date and time of the hearing on the petition for foreclosure . . . , and a statement that unless the forfeited unpaid delinquent taxes, interest, penalties, and fees are paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property . . . , or in a contested case within 21 days of the entry of a judgment foreclosing the property . . . , the title to the property shall vest absolutely in the foreclosing governmental unit and that all existing interests in oil or gas in that property shall be extinguished except the following:

(i) The interests of a lessee or an assignee of an interest of a lessee under an oil or gas lease in effect as to that property or any part of that property if the lease was recorded in the office of the register of deeds in the county in which the property is located before the date of filing the petition for foreclosure . . . .

(ii) Interests preserved . . . .

(h) An explanation of the person's rights of redemption and notice that the rights of redemption will expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property . . . , or in a contested case 21 days after the entry of a judgment foreclosing the property.  [MCL 211.78i(7)(a) through (h).]

The evidence established that statutorily sufficient documents were personally taken to the property address three times and to the West Bloomfield address once and that the documents were posted to the front doors of both addresses when plaintiff could not be contacted.

If the foreclosing county is unable to determine the address "reasonably calculated to apprise the owners of a property interest entitled to notice under this section," notice must be inserted for two successive weeks—once each week—"in a notice publication circulated in the county in which the property is located."  MCL 211.78i(5).  Such notice must include:

(a) A legal description or parcel number of each property.

(b) The street address of each property, if available.

(c) The name of any person or entity entitled to notice under this section who has not been notified . . . .

(d) The date and time of the show cause hearing . . . .

(e) The date and time of the hearing on the petition for foreclosure . . . .

(f) A statement that unless all forfeited unpaid delinquent taxes, interest, penalties, and fees are paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property . . . , or in a contested case within 21 days of the entry of a judgment foreclosing the property . . . , the title to the property shall vest absolutely in the foreclosing governmental unit and that all existing interests in oil or gas in that property shall be extinguished except the following:

(i) The interests of a lessee or an assignee of an interest of a lessee under an oil or gas lease in effect as to that property or any part of that property if the lease was recorded in the office of the register of deeds in the county in which the property is located before the date of filing the petition for foreclosure . . . .

(ii) Interests preserved . . . .

(g) A statement that a person with an interest in the property may lose his or her interest in the property as a result of the foreclosure proceeding . . . and that all existing interests in oil or gas in that property shall be extinguished except the following:

> (i) The interests of a lessee or an assignee of an interest of a lessee under an oil or gas lease in effect as to that property or any part of that property if the lease was recorded in the office of the register of deeds in the county in which the property is located before the date of filing the petition for foreclosure . . . .

> (ii) Interests preserved. [MCL 211.78i(8)(a) through (g).]

Here, such notice was posted in the Oakland Press three times before the show cause hearing. Thus, defendant Oakland County presented evidence that it complied with all the statutory notice requirements of the General Property Tax Act and with due process. See *Jones*, 547 US at 226, 234-235.

In his amended complaint and affidavit, plaintiff claimed that he was not provided adequate notice; however, plaintiff's affidavit merely states, "I did not receive notice of such tax sale/auction as required under MCL 711.28 [sic]." Conclusory statements are insufficient to survive summary disposition under MCR 2.116(C)(10). *Quinto*, 451 Mich at 371-372. Plaintiff provided no other evidence of defendants' allegedly deficient notice. When challenged under subrule (C)(10), the nonmoving party may not rest on its pleading. MCR 2.116(G)(4). Because plaintiff failed to establish a deficiency in notice, summary disposition was properly granted.

## B. QUIET TITLE

Plaintiff asserts that he was entitled to title of the property. Under MCL 600.2932(1),

[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

In an action to quiet title, a plaintiff bears the burden of proof of establishing a prima facie case of title. *Boekeloo v Kuschinski*, 117 Mich App 619, 628; 324 NW2d 104 (1982). If the plaintiff fails to meet this burden, summary disposition is appropriate. *Special Prop VI v Woodruff*, 273 Mich App 586, 590; 730 NW2d 753 (2007). As we determined above, plaintiff failed to establish that he had superior title to the property because the notice requirements were met. Accordingly, plaintiff has no claim to the property, and the trial court did not err in granting defendants' motions for summary disposition. See *id*.

## C. REMAINING ARGUMENTS

Plaintiff's remaining arguments concerning superintending control, MCL 211.78q(5), and 42 US 1983 were not brought before the trial court and are therefore not preserved for appellate

-8-

review. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Although we have authority to consider issues that, in our opinion, must in the interest of justice be addressed and resolved, see *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010), none of these issues has any bearing on the outcome of this case. Consequently, we decline to consider these unpreserved issues.

We affirm.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell